UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
-----
ERNELL E. WORRELL,

         Plaintiff,    **MEMORANDUM AND ORDER**

  -against-

                1:12-CV-3386 (ENV)

CAROLYN W. COLVIN, Commissioner of
Social Security,

        Defendant.
------------------------------------------------------------------x
-----

VITALIANO, D.J.

    On July 6, 2012, *pro se* plaintiff Ernell E. Worrell filed the instant action, pursuant to 42 U.S.C. § 405(g), challenging the Commissioner of Social Security's ("the Commissioner") final decision that the Social Security Administration ("SSA") had properly computed the amount of her disabled adult child insurance benefits (payable on her late mother's earnings record) for the period March 1985 through December 1995. On May 1, 2013, the Commissioner moved to remand Worrell's case for a rehearing. Less than two weeks later, by letter dated May 13, 2013, Daisy Worrell-Ross informed the Court that plaintiff had passed away on May 8, 2013 and sought to be substituted as plaintiff in her stead. Armed with Daisy Worrell-Ross's letter, the Commissioner filed a suggestion of death on May 30, 2013. At the Court's direction, the Commissioner next filed a brief detailing its view as to whether plaintiff's death terminated her claim. On

June 25, 2013, Worrell-Ross filed a response, to which she appended supporting documents showing that, in 1994, plaintiff conferred upon her a power of attorney and appointed her to act as her representative in connection with her disability benefits claim under the Social Security Act (the "Act").

## Discussion

Rule 25(a)(1) of the Federal Rules of Civil Procedure permits substitution by another for a deceased party to a civil action if (1) the claim of a deceased plaintiff survives that party's death; (2) the individual seeking to be substituted is a "proper party;" and (3) the party requesting substitution moves "within 90 days after service of a statement noting the death."

### 1. Survival of the Claim

The Court looks first to whether the statute under which plaintiff is suing contains a "specific directive" regarding the survival of plaintiff's claim in the event of the claimant's death. *Perlow v. Comm'r of Soc. Sec.*, 2010 WL 4699871 (E.D.N.Y. Nov. 10, 2010). The Act provides that, if an individual dies before receiving a Title II underpayment to which he is entitled, SSA will distribute the amount to certain individuals according to a statutorily established priority. *See* 42 U.S.C. § 404(d). Worrell's claim, therefore survives her death. *See Divone v. Sec'y of Dep't of Health & Human Servs.*, 1989 WL 12643 (E.D.N.Y. 1989) (identifying the survival of the right to reimbursement as the proper inquiry). The Commissioner has not advanced a contrary view.

2

2. <u>Timeliness</u>

Pursuant to Rule 25(a)(1), the party seeking substitution must move the Court within 90 days of "service of a statement noting the death" of the party for whom substitution is sought. Although service of the statement typically begins the 90 day period, *Unicorn Tales v. Banerjee,* 138 F.3d 467, 470 (2d Cir.1998), courts have construed a motion for substitution to be a notice of death when a party's death is first mentioned in the substitution motion. *See, e.g., United States v. Arena,* 2007 WL 2907492 (E.D.N.Y. 2007). Here, Worrell-Ross's May 13th letter both informed the Court of plaintiff's death and moved for substitution. Accordingly, the Court deems the letter to be a timely-filed motion for substitution under the applicable rule.

3. <u>Proper Party for Substitution</u>

Either a "representative of the deceased party's estate" or a "successor of the deceased party" may be substituted for a plaintiff who has passed away. *Garcia v. City of New York,* 2009 WL 261365, at *1 (E.D.N.Y. 2009) (citations and internal quotation marks omitted). Courts look to state law to define the terms "representative" and "successor." *Id.* (*citing Collins v. American Auto. Ins. Co.,* 230 F.2d 416 (2d Cir.1956)). A "representative is a person who has received letters to administer the estate of a decedent." N.Y. Est. Powers & Trusts Law § 1-2.13 (McKinney); *see also Perlow v. Comm'r of Soc. Sec.,* 2010 WL 4699871, at * 2 (E.D.N.Y. 2010); *Garcia,* at * 1. "A successor of the deceased party is a distributee of the decedent's estate if the estate has been distributed at the time the motion for

3

substitution is made." *Id.* (internal quotations omitted). Courts generally reserve judgment as to whether a movant is a proper party for substitution when the movant fails to establish the he is either a representative or a successor. *Perlow*, 2010 WL 4699871 (aggregating cases).

Although Worrell-Ross has demonstrated that she represented her late sister before her death during the course of the underlying administrative proceeding relating to plaintiff's claim for benefits under the Act and had a power of attorney for other matters, she has not demonstrated that she has been "lawfully designated by state authority to represent the deceased's estate." *Lungu v. New Island Hosp./St. Joseph Hosp.*, CV-11-0755 SJF GRB, 2012 WL 2050205 at *5 (E.D.N.Y. June 4, 2012). Nor has she established that she is a distributee of plaintiff's administered estate. As a result, movant has not demonstrated that she is a proper party for substitution at this point. These showings for a deceased who passes in New York ordinarily require documentation from the Surrogate's Court sitting in the county where the deceased was a resident, in this case Kings County, that is, Brooklyn. However, Worrell-Ross's window to perfect her motion has not closed. She may make supplementation to her timely motion for substitution on or before August 12, 2013.

## Conclusion

For the foregoing reasons, Worrell-Ross's motion to substitute herself as plaintiff in this action is denied with leave to renew upon the filing of the

4

necessary supplemental documents on or before August 12, 2013. In the event movant cannot obtain the documentation in a timely fashion, that is, before August 12, 2013, the time to file such supplemental documentation will be extended, provided that, on or before August 12, 2013, movant makes a filing showing diligent effort to obtain the documentation, including a copy of Worrell-Ross's actual application to Surrogate's Court for such documentation, and provided further that Surrogate's Court either has not denied letters of administration to Worrell-Ross or, if such letters have been awarded to another person, cannot certify that Worrell-Ross is a distributee of an administered estate.

**SO ORDERED.**

Dated:  Brooklyn, New York
        June 26, 2013

s/ ENV
_____
**ERIC N. VITALIANO**
**United States District Judge**